IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MIKEL CREWS )
)
v. ) NO. 1:07-0075
)
MIKE BOTTOMS )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered October 22, 2007 (Docket Entry No. 4), this civil action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending in this action is the motion to dismiss (Docket Entry No. 24) filed on March 18, 2008, by Defendant Mike Bottoms. The plaintiff has not filed a response in opposition to the motion.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered April 15, 2008 (Docket Entry No. 29), the plaintiff was notified of the motion to dismiss and the need to respond by April 25, 2008. By Order entered April 22, 2008 (Docket Entry No. 36), the Court directed the Clerk to send to the plaintiff a copy of the motion to dismiss and granted the plaintiff an extension of time until May 30, 2008, to respond. By Order entered May 14, 2008 (Docket Entry No. 45), the Court extended the time for the plaintiff to respond to June 9, 2008, and by Order entered June 17, 2008 (Docket Entry No. 51), the Court extended the time for a response to July 3, 2008. In each of these orders, the plaintiff was cautioned that his failure to file a response to the motion could result in the dismissal of his lawsuit.

## I. BACKGROUND

The plaintiff filed this action pro se on November 2, 2007.[2] Named as the sole defendant is Mike Bottoms, the District Attorney General for the Twenty Second Judicial District of Tennessee. In a rambling and difficult to follow handwritten complaint, the plaintiff alleges that Defendant Bottoms was somehow involved in kidnapping or arranging to have his grandchildren kidnapped, selling his grandchildren, sending drug dealers to kill him, physically attacking him, and plotting to have him "set up." It appears from the complaint that most of these alleged events occurred in 1996 or 1997, although the plaintiff also refers to events in the years 2003, 2005 and 2007. The plaintiff's prayer for relief requests that the criminal charges which were brought against him be nullified, that he be awarded restitution for an illegal arrest, and that Defendant Bottoms be prosecuted.[3]

In lieu of an answer, Defendant Bottoms filed the pending motion to dismiss seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Bottoms argues that the statute of limitations bars the action, that the complaint fails to state any actionable claims against him, and that the doctrine of prosecutorial immunity bars all money damages against him individually.

## II. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the plaintiff's allegations and

---

[2] Although the plaintiff's payment of the filing fee was not an entirely smooth process, he eventually submitted a proper filing fee. See Orders entered January 17, 2008 (Docket Entry No. 10), February 5, 2008 (Docket Entry No. 16), and October 11, 2007 (Docket Entry No. 2 in 1:07-MC-00014).

[3] The plaintiff includes what appears to be two other requests for relief but these requests are unintelligible. See Complaint (Docket Entry No. 1), at 3.

resolve all doubts in the plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. _, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68.

More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

### III. CONCLUSIONS

Although the plaintiff fails to set out any statutory basis for federal jurisdiction over his claims, the Court presumes that the plaintiff's claims are brought under 42 U.S.C. § 1983 based upon allegations that Defendant Bottoms violated the plaintiff's civil rights. As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

For claims brought under Section 1983, the applicable statute of limitations is the one year limitations period for personal injury actions in Tennessee as set out in Tenn. Code Ann. § 28-3-104(a). See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). The question of when the statute of limitations begins to run is determined by federal law. See Wilson v. Garcia, 471 U.S. 261, 268-71, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The general rule for accrual of a claim is that the statute of limitations begins to run when the plaintiff knew or should have known of the injury

which forms the basis of his claim. Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

As best as the Court can determine due to the lack of clarity in the complaint, most of the allegations against Defendant Bottoms which form the basis for the plaintiff's claims involve events that occurred in 1996, 1997, 2003, or 2005. All claims based upon these allegations are barred by the statute of limitations as such claims accrued well prior to one year before the complaint was filed.

The plaintiff complains about two events which are alleged to have occurred within the applicable statute of limitations period. However, neither of these allegations supports an arguable claim upon which relief can be granted.

The first allegation is that, on April 9, 2007, defendant Bottoms asked the plaintiff if "Preston was my grandson." See Complaint (Docket Entry No. 1), at 1. Even if true, such an act does not violate the plaintiff's civil rights. The second allegation is that, on September 24, 2007, a "drug dealer called wanting charity." Id., at 7. This allegation, even if true, does not involve Defendant Bottoms and does not support a constitutional claim.

Although not specifically set out in the complaint as a claim, the nature of the relief requested by the plaintiff appears to suggest that he believes that he is pursuing a claim for false arrest, false imprisonment, or malicious prosecution based upon criminal charges which were brought against him, presumably, by Defendant Bottoms. However, such a claim warrants dismissal for several reasons based upon the complaint which is before the Court.

First, the complaint is completely lacking in any allegations setting out the facts supporting such a claim and, thus, fails to satisfy the basic requirement of Rule 8 of the Federal Rules of Civil Procedure that the plaintiff provide a short and plain statement of the claim showing that he is entitled

4

to relief. A conclusory claim unsupported by factual allegations contained in the complaint warrants dismissal. See Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986).

Second, to the extent that the plaintiff's claim is based upon acts taken by Defendant Bottoms in his role as a prosecuting attorney, Defendant Bottoms has prosecutorial immunity from monetary liability for such acts. Prosecuting attorneys are entitled to absolute immunity from liability for actions within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor's decision to initiate charges and pursue them through the criminal process is entitled to absolute immunity. Imbler, 424 U.S. at 431; Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Ireland v. Tunis, 113 F.3d 1435, 1446-47 (6th Cir. 1997). Prosecutorial immunity protects prosecutors from liability even if their acts were in error, were wrongful, or were done maliciously. Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989). The plaintiff has not alleged any actions on the part of Defendant Bottoms which were taken in a non-prosecutorial or adversarial role and which would not be entitled to the protection of immunity.

Finally, to the extent that the plaintiff's claim is based upon allegations of improper conduct on the part of Defendant Bottoms within the context of a situation which ultimately led to the arrest, prosecution, and conviction of the plaintiff on criminal charges,[4] the plaintiff must show that his criminal conviction has been overturned in order to pursue a civil claim based upon wrongful imprisonment or malicious prosecution. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

---

[4] Although the complaint filed by the plaintiff offers absolutely no facts concerning the criminal proceedings against the plaintiff, the plaintiff's "Response to Various Motions, Memorandums, and Orders" indicates that plaintiff was convicted of some type charge and is currently on probation or expects to be on probation at some point in 2008. See Docket Entry No. 48, at 1 and 6.

5

Although the plaintiff has not filed a formal response to the motion to dismiss, he devotes one paragraph of his "Response to Various Motions, Memorandums and Orders" (Docket Entry No. 48) to brief arguments opposing the motion to dismiss. The Court has reviewed this paragraph and finds that the plaintiff fails to set forth any meritorious argument against dismissal of the action in light of the deficiencies in the complaint as outlined in this Report and Recommendation.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 24) filed by Defendant Mike Bottoms be GRANTED and that this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge